Marc W. Taubenfeld
Texas Bar No. 19679800
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas  75201-6605
Telephone:  (214) 855-7500
E-Mail: mtaubenfeld@munsch.com
*Counsel for Roddrick B. Newhouse,*
*Chapter 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| BOND CLEANERS, INCORPORATED, | § | CASE NO. 26-40431-elm-7 |
| | § | |
| Debtor. | § | Hearing: May 27, 2026 at 9:30 a.m. |
| | § | |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY FREE AND CLEAR OF
LIENS AND TO AUTHORIZE SURCHARGES WITH RESPECT TO THE SAME**

**A HEARING ON SUCH SALE IS SET FOR ON MAY 27, 2026, AT 9:30 A.M., WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TEXAS 75242.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO RESPONSE TO SUCH MOTION IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:

COMES NOW Roddrick B. Newhouse (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Bond Cleaners, Inc. (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this his

*Motion to Sell Personal Property Free and Clear of Liens and to Authorize Surcharges With Respect to the Same* (the "Motion"), respectfully stating as follows:

## I.    SUMMARY

1.    Certain personal property of the Debtor has sat idle for some time, at least since the filing of the Bankruptcy Case.  The Trustee has received an offer to purchase (a) all equipment of the Debtor located at1644 W. Randol Mill Road, Arlington, TX 76012, as more particularly described in item #22 in the Debtor's Schedule A/B filed on January 30, 2026 [Docket No. 1] ("Schedule A/B"), and (b) a 2017 Chevrolet City Express van, as more particularly described in item #47 in Debtor's Schedule A/B, even if subject to a lien (the "Property").[1]  By this Motion, the Trustee seeks authority generally to sell the Property for $32,000 to Miller Dry Cleaner, LLC (the "Proposed Sale").

2.    In exchange for facilitating the Proposed Sale, those lien holders who consent to this Motion would be surcharged, by agreement, a commission to the Estate, free and clear of that lienholder's liens, of $15,000, which surcharge would be in full and final settlement of any potential surcharge claim by the Estate against such lienholder.  Alternatively, if the lienholder does not agree, then the Estate reserves the right to sell that lienholder's collateral and to seek a surcharge by subsequent motion in such amount as is otherwise appropriate, including all post-petition expenses, insurance, commissions, fees, taxes, and any other available surcharge.[2]

3.    In all events, the buyer at the Proposed Sale would be required to consummate the Proposed Sale and remove anything it purchases at its expense by the end of May, 2026.

---

[1] The Trustee believes that the SBA holds a blanket first lien on all of the Debtor's assets.  The Debtor's Schedules also list PNC Bank as a possible secured creditor on the Debtor's assets, but lists PNC Bank as "Disputed," with an indication that "No UCC lien pulled up by searching Debtor's name."  Since the Trustee does not know which of SBA or PNC Bank is actually first, the Trustee proposes that he will hold the sale funds, net of the surcharge .amount, until such time as the parties reach an agreement as to priority or the Court issues a ruling on same.

[2] Because the issue of whether a lienholder can be surcharged is uncertain, as opposed to the property itself, any proceeds attributable to the property would be subject to the Estate's surcharge claims, subject to all defenses to the same in such an event.

4.      All sales will be effectuated in compliance with any applicable non-bankruptcy law governing the transfer of medical, pharmaceutical, chemical and other equipment and goods. All sales will be without warranty, on a "where is, as is" basis, with no recourse to the Estate.

## II.     BACKGROUND

5.      The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 30, 2026 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating its bankruptcy estate (the "Estate").

6.      The Trustee is the duly appointed Chapter 7 trustee of the Estate.

7.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Motion constitutes a "core" proceeding within the meaning of the provisions of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.     DISCUSSION

8.      The paramount goal in any proposed transfer of property of the estate is to maximize the proceeds received by the estate. *See, e.g., Four B. Corp. v. Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997); *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("the objective of bankruptcy sales and the Debtor's duty with respect to such sales is to obtain the highest price or overall greatest benefit possible for the estate") (*quoting In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988)).  As recognized by the Fifth Circuit, a trustee is entitled to use business judgment in determining whether to sell assets.  *See Institutional Creditors of Continental Air Lines Inc. v. Continental Air Lines Inc. (In re Continental Air Lines Inc.),* 780 F.2d 1223, 1226 (5th Cir. 1986).

9.      Here, the Trustee faces the issue of whether he should abandon the property of the Debtor, or seek to sell some or all of that property to benefit secured creditors.  Normally, the

Trustee would not sell collateral to benefit secured creditors.  Here, however, the return consideration would be an agreed surcharge to benefit the Estate and, potentially, other creditors. Additionally, the consideration would potentially reduce a deficiency claim against the Estate. The proposed sale is the best way to both generate interest in the property to be sold and to minimize the costs of an alternative transaction.  Even if a lienholder will not agree to a surcharge pursuant to this Motion, the Trustee may sell the property subject to the Estate's surcharge rights.

10.     Furthermore, as the Trustee understands it, the Small Business Administration ("SBA"), holding the apparent first priority lien (of just over $199,000), consents to the Trustee's sale of its collateral.

11.     Section 363(f) of the Bankruptcy Code authorizes the Trustee to sell property outside of the ordinary course of business "free and clear of any interest in such property of an entity other than the estate, only if –

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f) (2015).  The Trustee may transfer property free and clear if any one of these five conditions is satisfied.  *See Newport Acquisition Co. No. 1 L.L.C. v. Crossroads Capitals Partners L.L.C. (In re C-Power Prods. Inc.)*, 230 B.R. 800, 803 (Bankr. N.D. Tex. 1998) (Felsenthal, J.).  *See also Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002);

*Citicorp Homeowners Servs. Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988).

12.     Here, because the SBA consents, the Trustee believes that he may sell all of the Property, even if junior lien holders do not necessarily consent.  Thus, the Trustee believes that section 363(f)(2) clearly applies.

13.     Section 506(c) of the Bankruptcy Code provides that:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

11 U.S.C. § 506(c).

14.     Here, the Trustee is proposing a voluntary, agreed surcharge that is fair. Understanding that now may not be the time to try surcharge claims, the proposal, which is voluntary, releases the Estate's surcharge claims against the lienholder (including all surcharge claims arising prior to the date of sale) in exchange for a compromised, fixed amount that would be approved as part of this Motion.  Those lienholders who do not consent need not content, but they face the prospect of the Trustee deciding not to sell their collateral and retaining all surcharge rights against such collateral and said lienholders both for all amounts prior to the sale and any amounts from the sale, if the Trustee decides to sell the collateral.

15.     All other issues not addressed in this Motion would be preserved for subsequent motion practice, hearings, and orders as may be appropriate.  In this manner, the Trustee and creditors and lessors can monetize their property and collateral rapidly, at minimum cost, and for fair value, and reserve all ancillary disputes, such as entitlement to proceeds, to a subsequent date once the urgency of the present situation passes.

## IV.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter: (i) granting this Motion; (ii) approving the Proposed Sale free and clear of all liens, claims, interests and encumbrances, with all such liens, claims, interests and encumbrances attaching to the proceeds of the Proposed Sale; (iii) authorizing the surcharge requested herein; and (iv) granting the Trustee such other relief as may be appropriate.

RESPECTFULLY SUBMITTED this 27th day of April, 2026.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Marc W. Taubenfeld*
      Marc W. Taubenfeld
      Texas Bar No. 19679800
      4000 Ross Tower
      500 N. Akard Street
      Dallas, Texas 75201
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584
      mtaubenfeld@munsch.com

**ATTORNEYS FOR RODDRICK B. NEWHOUSE, TRUSTEE**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 27th day of April 2026, true and correct copies of this document were electronically served by the Court' ECF system on parties entitled to notice thereof and that, additionally, on the same date he caused true and correct copies of this document to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: */s/ Marc W. Taubenfeld*
Marc W. Taubenfeld