## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BOND CLEANERS, INCORPORATED,** | § | **CASE NO. 26-40431-elm7** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |
| | § | |

## DECLARATION OF DEAN BIELITZ

Pursuant to 28 U.S.C. § 1746, Dean Bielitz states as follows:

1.      "My name is Dean Bielitz.  I am over twenty-one (21) years of age and reside in the State of Texas.  I am fully competent to make this Declaration.  I have personal knowledge of the matters stated herein and they are all true and correct to the best of my knowledge.

2.      I am a Director of the accounting firm of Lain, Faulkner & Co., P.C. ("LainFaulkner").  LainFaulkner maintains offices at 1700 Pacific Avenue, Suite 2700, Dallas, Texas 75201.  LainFaulkner is currently comprised of approximately 18 accountants and support staff.  LainFaulkner has expertise in many areas of accounting, including business reorganization, bankruptcy, forensic accounting and claims administration.

3.      Roddrick B. Newhouse, the Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Christopher Lynn Jones ("Debtor"), has requested that LainFaulkner render professional services at the direction of the Trustee in connection with this Chapter 7 case. The professional services that the Trustee requires or may need LainFaulkner to render include, but are not limited to, the following:

(a)      Chapter 5 review;

(b)      Assist the Trustee in the analysis of tax and taxation issues and in the filing of any necessary information and compliance forms regarding taxes; and

(b)     Perform all other accounting services and provide all other financial advice to the Trustee in connection with this Chapter 7 case as may be required or necessary.

4.     Subject to Court approval, LainFaulkner is willing to serve as the Trustee's accountants and to perform the services described above.

5.     LainFaulkner has agreed to perform such accounting services on an hourly fee basis at its standard hourly rates, and the Trustee has agreed to same subject to Court approval. LainFaulkner's standard rates range from the following, depending on the personnel assigned:

| Professional/Paraprofessional | Hourly Rate |
|---|---|
| Directors | $440 - $540 |
| Accounting Professionals | $210 - $350 |
| IT Professionals | $325 |
| Staff Accountants | $270 - $295 |
| Clerical and Bookkeepers | $95 - $145 |

6.     LainFaulkner's rates are subject to periodic adjustments (normally at year-end) to reflect economic conditions, as well as experience and other similar factors.

7.     I have reviewed, or caused to be reviewed, the records of LainFaulkner, as well as the Debtor's Schedules and Statements, to determine any connections which either any members of LainFaulkner or I might have with the above-captioned Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the US Trustee, or any person employed by the US Trustee.  The members of LainFaulkner, including myself (i) do not have any connection with the Debtor, its creditors, or any other party in interest or their respective attorneys and accountants, (ii) do not have any connection with the United States Trustee or any person employed by the Office of the United States Trustee, (iii) are "disinterested persons," as defined in § 101(14) of the BANKRUPTCY CODE, and (iv) do not hold or represent any interest adverse to the Debtor's Estate.  Neither I nor any members of LainFaulkner are a creditor, an equity security holder, an insider, or an investment banker for any security of Debtor.

8.      As part of its diverse practice, LainFaulkner is involved in numerous proceedings and transactions that involve many different professionals, including attorneys, brokers, and financial consultants, who may represent claimants and parties in interest in the Debtor's Chapter 7 case.  Also, LainFaulkner has performed in the past, and may perform in the future, services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in this proceeding.  LainFaulkner has previously worked, may currently work, and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor and this case.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor in matters upon which LainFaulkner is to be employed, and none are in connection with this case.

9.      As it relates to personal associations with the Debtor, its creditors, or any other party in interest or its respective attorneys and accountants, Janice Oden, an administrative employee of LainFaulkner, is assisting the Trustee part-time in an administrative capacity for which the Trustee is compensating her separately; LainFaulkner is not compensating Ms. Oden for her time spent assisting the Trustee.  Scott Reese, an accountant employed by LainFaulkner, has also been assisting the Trustee by reviewing upcoming cases on the Trustee's docket and providing input as to potential issues.  As of this time, Mr. Reese is providing these service to the Trustee in an unpaid capacity.  I do not believe these connections create an interest materially adverse to the estate of the Debtor.

10.     Based on the foregoing, I believe LainFaulkner and its members to be "disinterested persons" for purposes of § 101(14) of the BANKRUPTCY CODE. To the extent that LainFaulkner discovers any facts bearing upon the matters described herein or its engagement by the Trustee,

LainFaulkner will promptly supplement the information contained in this Declaration to disclose such information.

11.     LainFaulkner has not been paid anything by the Trustee or the Debtor in this bankruptcy case.  No promises have been received by LainFaulkner as to compensation in connection with this bankruptcy case other than in accordance with the provisions of the BANKRUPTCY CODE.  LainFaulkner has no agreement with any other entity to share any compensation received in connection with this bankruptcy case.  LainFaulkner has not taken any other representation related to this bankruptcy case.  There is no appearance of professional impropriety by any member of LainFaulkner and there is nothing which interferes in any way with my professional judgment in LainFaulkner representing the Trustee on behalf of the Estate.

12.     Accordingly, to the best of my knowledge, LainFaulkner is qualified to serve as accountants for the Trustee in this Chapter 7 case.

13.     LainFaulkner will seek approval of payment of compensation of its fees and expenses upon the filing of appropriate Applications for Allowance of Interim or Final Compensation pursuant to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, this Court's Local Rules and Orders of this Court.

14.     I declare under penalty of perjury that the foregoing is true and correct."

DATED:  July 23, 2026

_____
Dean Bielitz